# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **QUENTIN DEON EATON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 04-CV-0961-CVE-FHM |
| | ) | |
| **DOUBLETREE HOTELS, INC., and** | ) | |
| **MAGGIE LEDBETTER,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## OPINION AND ORDER

Now before the Court is the Defendant Doubletree Hotel Inc.'s Motion to Dismiss (Dkt. # 10). On May 19, 2005, this Court entered an Order directing plaintiff to show cause for failure to serve defendant within the time limit set by Fed. R. Civ. P. 4(m). Plaintiff had summons issued on May 24, 2005 and it was returned executed on May 27, 2005. Plaintiff also filed a response to the Court's show cause order on May 27, 2005. Although the response set forth no excuse for the untimely service, plaintiff indicated that he would be forever barred from bringing this action if the case was dismissed due to the fact that the time requirements set forth by the Equal Employment Opportunity Commission have expired. As defendant points out, plaintiff's claim under Title VII (42 U.S.C. § 2000e *et seq.*) claim would be barred, but his claim under 42 U.S.C. § 1981 and his state tort claim would not be barred.

Rule 4(m) of the Federal Rules of Civil Procedure gives the Court discretion to dismiss the action without prejudice or direct that service be effected within a specified time if a plaintiff fails to serve a defendant within 120 days after the filing of the complaint. Fed. R. Civ. P. 4(m). Although the Court's show cause order did not direct that service be effected within a specified time, plaintiff promptly served the defendant within the time period for responding to the show cause

order. Under the new language of Rule 4(m) after its amendment in 1993, the Court may extend the time period for service even when the plaintiff has not shown good cause, as here. See Espinoza v. United States, 52 F.3d 838, 841 (10th Cir. 1995). The advisory committee notes to Rule 4(m) specifically indicate that "relief may be justified . . . if the applicable statute of limitations would bar the refiled action, . . ." Fed R. Civ. P. 4(m) advisory committee's note (1993).

The Court finds that, in the interests of justice, this case shall not be dismissed and plaintiff shall be permitted to pursue his Title VII claim as well, given plaintiff's prompt response to the Court's show cause order and the loss of his Title VII claim if the Court were to dismiss the action entirely. Accordingly, Defendant Doubletree Hotel Inc.'s Motion to Dismiss (Dkt. # 10) is hereby **DENIED.**

**IT IS SO ORDERED** this 20th day of July, 2005.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT